No. 597 November 15, 2023 191

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

MATTHEW PAUL EDMISTEN,
aka Matthew Paul Emisten,
aka Mathew Edmisten, aka Matthew P. Edmisten,
*Defendant-Appellant.*

Multnomah County Circuit Court
20CR31200, 18CR64325
A177075 (Control); A176799

Kelly Skye, Judge.

Submitted June 20, 2023.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Kristin A. Carveth, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Rolf C. Moan, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Powers, Judge, and Hellman, Judge.

ORTEGA, P. J.

Affirmed.

**ORTEGA, P. J.**

Defendant appeals from a judgment of conviction after a bench trial in Case No. 20CR31200 on two counts of first-degree robbery.[1] He assigns error to his two 90-month prison sentences, arguing that they are constitutionally disproportionate under Article I, section 16, of the Oregon Constitution.[2] We conclude that defendant's sentences do not violate the constitution and affirm the trial court's judgments.

We review for legal error whether a sentence is constitutionally disproportionate under Article I, section 16. *State v. Hawthorne*, 316 Or App 487, 502, 504 P3d 1185 (2021), *rev den*, 369 Or 856 (2022). "In conducting that review, we are bound by any findings of historical fact that the trial court may have made, if they are supported by evidence in the record." *Id.* Based on that standard, we begin by providing some background facts, and we provide other relevant facts as we explain our ruling.

The trial court convicted defendant of two counts of first-degree robbery, ORS 164.415,[3] based on conduct that occurred during two separate incidents. During the first incident, defendant entered a convenience store and walked out with a fountain drink without paying for it. As the store owner followed him outside, defendant "brandished" a "knife or shuckle,"[4] forced his way back in the store while the store

---

[1] Defendant also appeals from a judgment revoking his probation in Case No. 18CR64235, but he identifies no error in that case.

[2] The Oregon Constitution provides that "all penalties shall be proportioned to the offense." Or Const, Art I, § 16. Defendant further argues that his 90-month prison sentences also violate the Eighth Amendment to the United States Constitution. We do not address that issue because it was not preserved, as defendant's argument below was limited to contending that that his sentences violated Article 1, section 16. *See* ORAP 5.45 ("No matter claimed as error will be considered on appeal unless the claim of error was preserved in the lower court[.]").

[3] A person commits first-degree robbery if the person commits third-degree robbery and is "armed with a deadly weapon," "[u]ses or attempts to use a dangerous weapon," or "[c]auses or attempts to cause serious physical injury to any person." ORS 164.415(1); *see also* ORS 164.395(1) (a person commits third-degree robbery "if in the course of committing or attempting to commit theft *** the person uses or threatens the immediate use of physical force upon another person with the intent of *** [p]reventing or overcoming resistance to the taking of the property or to retention thereof immediately after the taking").

[4] In making its finding, the court stated that defendant "brandished what he refer[red] as a shuckle" or an oyster-shucking knife and "what [the store owner] refer[red] to as a knife."

owner tried to protect himself and keep defendant out using a "wet floor" sign, and then walked out with another fountain drink for which he had not paid. During the second incident—which occurred about two weeks later—defendant returned to the convenience store and, "brandishing a knife" while the store owner resisted with a broom and a piece of metal and called the police, argued with the store owner about whether defendant should get "free food for life." At some point during that argument, defendant grabbed a package of donuts and ran away.[5]

The trial court sentenced defendant pursuant to ORS 137.700 (Ballot Measure 11) to 90-month prison sentences on each conviction (Counts 1 and 4), with 30 months of the sentence in Count 4 to be served consecutive and the other 60 months to be served concurrent to the sentence in Count 1, as the state recommended. *See* ORS 137.700(2)(a)(R) (a first-degree robbery conviction is subject to a mandatory minimum 90-month prison sentence). In making that decision, the court stated that "the fact that it was a soda or doughnuts is beside the point" and explained, among other things, that by "introduc[ing] a weapon," defendant "increase[d] the dangerous nature of the encounter." The court also explained that defendant's prior conviction, "which also involved the threatened use of a weapon" against an individual—and for which defendant was still on probation at that time—contributed to the court's conclusion that Measure 11 sentences would be appropriate in defendant's case.

On appeal, defendant contends that his two 90-month prison sentences, as applied to him, are disproportionate under Article I, section 16, when considering the gravity of his offenses and his criminal history. *See State v. Rodriguez/Buck*, 347 Or 46, 52, 217 P3d 659 (2009) (identifying the relationship between the penalty and the offense and the criminal history of the defendant as factors that bear upon the assessment of the proportionality of a sentence).

---

[5] The court also found that defendant's testimony that he thought that the sodas and the donuts had been "paid for" and that he was being "silly" in his food-for-life demand was not credible and that the evidence did not support his self-defense argument. Further, the court observed that defendant told the investigating officers that he had the "shuckle" or "some sort of sharp bladed instrument" in his hand because he "was deciding if [he] was going to kill" the store owner.

After reviewing the record for legal error, we conclude that his Measure 11 sentences are not disproportionate.[6]

A trial court shall depart from imposing a Measure 11 sentence if the court finds that the sentence would be disproportionate because it would "shock the moral sense" of all reasonable people. *State v. Wheeler*, 343 Or 652, 668, 175 P3d 438 (2007); *see Rodriguez/Buck*, 347 Or at 58 (setting forth the proportionality analysis). Here, the trial court's findings during sentencing support a conclusion that defendant's sentences would not "shock the moral sense" of all reasonable people. *Wheeler*, 343 Or at 668. First, defendant's conduct on both occasions—taking unpaid property while threatening to use physical force by "brandish[ing]" a "shuckle" and then a knife—falls squarely within the type of conduct covered by ORS 164.415(1). As the court concluded, despite the minimal value of the stolen property, bringing, showing, and threatening to attack the store owner with a shuckle or knife made defendant's offenses more dangerous, providing support for more severe penalties. *See Rodriguez/Buck*, 347 Or at 59 (a "more severe offense" is proportioned to a "more severe penalty"). Further, defendant's criminal history—which includes a conviction for threatening another individual with a knife in the past—does not help him but rather supports a conclusion that he could behave violently towards others in the future. *See id.* at 67 (a defendant's criminal history and the possibility of recidivism favors a conclusion that the defendant's penalty is not disproportionate).

Accordingly, the trial court did not err in sentencing defendant to the mandatory minimum ORS 137.700 sentences, as applicable to his offenses.

Affirmed.

---

[6] Defendant's arguments on appeal are limited to challenging whether his 90-month Measure 11 sentences are disproportionate in light of the gravity of his offenses and of his criminal history. Our review, therefore, focuses on those two aspects.